## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GREGORY C. KAPORDELIS** | : | **DOCKET NO. 2:19-cv-1135** |
| **REG. # 63122-053** | | **SECTION P** |
| | | |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| | | |
| **NURSE AUTIN, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a civil complaint [doc. 1] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff Gregory C. Kapordelis, who is proceeding pro se and in forma pauperis in this matter.  Kapordelis is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCI-Oakdale").

For reasons stated below **IT IS RECOMMENDED** that the complaint be **DENIED** and the matter be **DISMISSED WITH PREJUDICE.**

## I.
### BACKGROUND

Kapordelis brings the instant suit alleging deliberate indifference and retaliation on the part of the defendants whom he contends were aware of his serious medical condition, obstructive sleep apnea, and that he lacked a Continuous Positive Airway Pressure ("CPAP") mask, yet failed to provide one to him between August 9, 2018 and August 16, 2018.

Kapordelis was diagnosed with obstructive sleep apnea in or around 2002 and has been treated with a CPAP machine since that time.  See Doc. 1, p. 17.  On August 9, 2018, at

approximately 4:00 a.m., plaintiff's CPAP mask broke. *Id*. at p. 18. At 9:00 a.m. on that day, he asked the pharmacist to inform Nurse Autin that his machine had broken and that he needed a replacement. *Id*. Approximately one hour later, he was told by Nurse Autin that he would not be issued another mask. *Id*. at p. 19. He then located the health services administrator, Ms. Howard, who examined his mask and instructed him to return to the health services department and obtain a replacement mask from "any nurse other than Autin." *Id*.

He returned to the health services department after lunch and told one of the nurses that he was there at Ms. Howard's instruction to obtain a replacement CPAP mask. Nurse Autin saw him in the waiting room and "pointed her finger at him in an agitated manner." *Id*. at p. 20. While he was waiting, he requested, and was granted, permission to use the restroom, which is located next to Nurse Autin's office. *Id*. Upon exiting the restroom, he was greeted by Lt. Caldero and two other officers who handcuffed him and told him he was being taken to the special housing unit (the "SHU"), for harassing the nurses. *Id*. After informing Caldero why he was there, Nurse Autin told Caldero that he had already broken four CPAP masks and that he would not leave the medical department after being told that no CPAP mask would be issued. *Id*. Kapordelis informed Caldero that it was the first time he had a broken CPAP mask and that he did leave the health services department when ordered to by Nurse Autin, but that Ms. Howard told him to return to obtain a new one. *Id*.

He was taken to solitary confinement and an incident report was filed. His CPAP machine was delivered to him, without a power cord, rendering it useless[1]. *Id*. at p. 21. On August 14, 2018, he was given a new CPAP machine, but was still without a power cord. *Id*. at p. 29. A cord was delivered to him on August 16, 2019. *Id*.

---

[1] The incident was referred to the Disciplinary Hearing Office and, following a hearing, Kapordelis was sentenced to a deprivation of good time credits. Doc. 1, p. 2.2.

Kapordelis contends that the fact that the incident report was issued and that his transfer to the SHU took place after he first complained of Nurse Autin's conduct to Ms. Howard and was ordered to return to medical to obtain a replacement mask support a claim of retaliation, a violation of his First Amendment right to redress grievances without retaliation.  *Id.*

Kapordelis also argues that this retaliation resulted in 'harmful medical consequences." *Id.* at p. 22.  He alleges a violation of his Fifth and Eighth Amendment rights to be free from prison official's deliberate indifference to serious medical needs.  *Id.* at p. 25.  Specifically, he alleges that during the time period between August 9 and August 16, when he was without a functioning CPAP machine, he suffered from "protracted and severe headaches which were not relieved with acetaminophen" and an "acute loss of consciousness" which was "most likely a seizure."  Doc. 1, p. 5, ¶ V.  However, he admits that "all pain and suffering ended on August 16th once CPAP therapy was restored.  There were no residual effects uncovered with respect to the one-week deprivation of CPAP treatments."  *Id.*

## II.
## Law & Analysis

### A.  Frivolity Review

Kapordelis has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would

entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B.  Section 1983/Bivens

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983.[2] *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993). In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C.  Theories of the Complaint

#### 1.  Eighth Amendment

"[T]he treatment a prisoner receives in prison and the conditions und under which he is confined are subject to scrutiny under the Eighth Amendment." *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). Accordingly, the Eighth Amendment imposes on prison officials a duty to ensure that inmates' basic needs, including medical care, are met. *Farmer v. Brennan*, 114 S.Ct. 1970, 1976 (1994). It also obliges officials to "take reasonable measures to guarantee the safety of the inmates." *Id.* (internal quotations omitted).

---

[2] *Bivens*, however, is more limited in scope than an action under § 1983 and has only been expressly extended to Fourth, Fifth, and Eighth Amendment violations. *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017); *see also Butts v. Martin*, 877 F.3d 571, 587–88 (5th Cir. 2017).

To show a violation under this theory, the inmate must allege a sufficiently serious deprivation and a sufficiently culpable state of mind on the part of the prison official – that is, that the official acted with deliberate indifference to inmate health or safety. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). Under this theory, a prison official is not liable unless he both knows of and disregards an excessive risk to inmate health or safety. *Farmer*, 114 S.Ct. at 1977–79. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind;" thus the test is "[s]ubjective recklessness" as used in criminal law. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (quoting *Farmer*, 114 S.Ct. at 1980).

Kapordelis contends that he suffered from severe headaches and loss of consciousness between August 9 and August 16, when he was without his CPAP machine.  Based on the allegations made in his complaint, he was provided with his CPAP machine upon being transferred to the SHU; however, it was broken and did not include a power cord.  He was given a new CPAP machine five days later, again, without a power cord.  Accordingly, he has alleged a delay in medical care, rather than a denial of care.

A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  A "delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay." *Hill v. Dekalp Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1189 (11th Cir. 1994).

As the reason for the delay is relevant, it should be noted that the delay complained of was due to the fact that Kapordelis deliberately destroyed his CPAP machine.[3]

---

[3] While Kapordelis adamantly denies that he purposefully broke his CPAP machine, as noted above, following a hearing, a Disciplinary Hearing Officer found that he deliberately destroyed the machine.

Furthermore, Kapordelis has not alleged that he suffered "substantial harm" from the delay, as he suffered only from temporary severe headaches and an alleged loss of consciousness. Importantly, he does not allege that his medical condition worsened as a result of the delay nor has he made a claim of any lasting complications resulting from the delay.  In fact, he concedes that "all pain and suffering ended on August 16th once the CPAP therapy was restored.  There were no residual effects uncovered with respect to the one-week deprivation of CPAP treatments."  Doc. 1, p. 5, ¶  V.  Under these circumstances, plaintiff admits that no substantial harm resulted from the delay.   Accordingly, the delay plaintiff experienced in receiving a new CPAP machine does not render this claim actionable.  *See Dupuis v. Caskey*, 2009 U.S. Dist. LEXIS 89002, 2009 WL 3156527, at * *14 (S.D. Miss., Sept. 28, 2009) (Court found that plaintiff did not suffer substantial harm from significant delay in cataract surgery when cataract was successfully removed and plaintiff's sight was restored.").

### 2.  Retaliation

Moreover, plaintiff cannot bring his First Amendment retaliation claim against defendant, federal officials, under *Bivens*, because neither the Supreme Court nor the Fifth Circuit has recognized an implied cause of action for First Amendment violations.  *Begay v. Leap*, No. 3:17-cv-2639-N-BT, 2019 U.S. Dist. LEXIS 49551, 2019 WL 1318410, at *8 (N.D. Tex. Feb. 26, 2019). In fact, when confronted with an opportunity to do so, the Supreme Court "decline[d] 'to create a new substantive legal liability without legislative aid and as at the common law'" because the Court determined that, "Congress is in a better position to decide whether or not the public interest would be served by creating it." *Id*. (citing *Bush v. Lucas*, 103 S.Ct. 2404, 2417 (1983); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009) (assuming without deciding that *Bivens* applies to First Amendment claims but noting, "we have declined to extend *Bivens* to a claim sounding in the First

Amendment"); *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012) ("We have never held that *Bivens* extends to First Amendment claims.") (citing *Iqbal*, 129 S.Ct. at 1948; *Bush*, 103 S.Ct. at 2406).

This Court has also previously ruled that retaliation claims are not cognizable under *Bivens*. See *Okeayainneh v. United States DOJ*, 2019 U.S. Dist. LEXIS 64633, 2019 WL 1612612 (W.D. La. March 28, 2019); *report and recommendation adopted,* No. 2:19-cv-150, Docket Number 17, 2019 U.S. Dist. LEXIS 64555 (W.D. La. April 12, 2019) (appeal filed); *see also Butler v. Porter*, 2018 U.S. Dist. LEXIS 218270, 2018 WL 6920355 (W.D. La. Sep. 10, 2018); *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 737, 2019 WL 81677 (W.D. La. Jan. 2, 2019) (appeal filed). Accordingly, plaintiff has failed to state a claim upon which relief can be granted.

### III.
### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 16th day of December, 2019.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE