# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **GREGORY C KAPORDELIS #63122-053** | **CASE NO. 2:19-CV-01135 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **NURSE AUTIN, ET AL.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING & JUDGMENT

Before the court is a Report and Recommendation [doc. 4] filed by Magistrate Judge Kathleen Kay, recommending dismissal of the instant *Bivens* action, and objections thereto by plaintiff Gregory C. Kapordelis. After a de novo review of the law and facts, the court writes to address two points raised in the objections.

First: The magistrate judge conducted her screening of the complaint under 28 U.S.C. § 1915(e), which applies to lawsuits filed *in forma pauperis*. Kapordelis paid the full filing fee and so that provision is inapplicable. However, a prisoner's suit for damages against the government or the officer or employee of a governmental entity is still subject to screening under 28 U.S.C. § 1915A and shall be dismissed if it "is frivolous, malicious, or fails to state a claim on which relief may be granted." Accordingly, the standard of review employed in the report and recommendation is still correct.

Second: As the magistrate judge noted, a delay in medical care only amounts to an Eighth Amendment violation "if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). The magistrate judge recommended that Kapordelis's Eighth Amendment claim be dismissed due to his

failure to show deliberate indifference on the part of the prison officials as well as his failure to identify any substantial harm suffered as a result of the alleged lapse in care. Kapordelis has complained of being without his CPAP machine for seven days, after he was transferred to the special housing unit without the machine and then was given a machine but no power cord. He maintains that he suffered, among other things, excruciating headaches during the time he was without his machine.

"Substantial harm" does not require a showing that the plaintiff suffered permanent effects of the inadequate medical care. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 422–23 (5th Cir. 2017). Instead, Fifth Circuit precedent "allows recovery for pain suffered during a delay in treatment caused by deliberate indifference." *Id.* This court need not probe whether Kapordelis's headaches meet the definition of substantial harm, however. As the magistrate judge noted, the facts alleged by Kapordelis do not support an inference of deliberate indifference.

The deliberate indifference standard requires "a showing that the official was subjectively aware of the risk of serious harm to the inmate." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (alterations and internal quotations omitted). In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* As Kapordelis notes, the Fifth Circuit recently reversed the dismissal of a deliberate indifference claim based on the defendant's failure to replace a pretrial detainee's CPAP machine. *See Thomas v. Mills*, 614 F. App'x 777 (5th Cir. 2015). In that matter, however, the jailer refused to provide a replacement mask over a five month period. Other courts

have found no deliberate indifference based on shorter delays/deprivations of prescribed CPAP treatment for obstructive sleep apnea. *See, e.g.*, *Santana v. Watson*, 2014 WL 1803308 (S.D.N.Y. May 6, 2014) (six week delay); *Owen v. Solomon*, 2017 WL 2262419 (W.D.N.C. May 23, 2017) (nine night delay).

Kapordelis admitted that he had access to a machine within five days of being transferred to SHU, and that a power cord for that machine was provided two days later. Doc. 1, p. 29. Given the brevity of the delay, the court cannot find that any official knew of and disregarded a substantial risk to inmate health and safety by failing to provide the machine in a timelier manner. Kapordelis's allegations fall short of the "extremely high standard" of deliberate indifference and instead support a finding of negligence, at best. *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Kapordelis fails to state a claim on which relief can be granted under the Eighth Amendment and, as set forth in the magistrate judge's report and recommendation, under his other causes of action. Accordingly,

**IT IS ORDERED, ADJUDGED,** and **DECREED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE** as failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915A.

**THUS DONE AND SIGNED** in Chambers on this 7th day of January, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**